IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**EDITH M. BENNETT,**

**Plaintiff,**

v.  Civil Action No. 3:17cv835

**NANCY A. BERRYHILL,**
*Acting Commissioner of*
*Social Security Administration*

**Defendant.**

## MEMORANDUM ORDER

Plaintiff Edith M. Bennett challenges the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for Supplemental Security Income after finding she lacked disability. This matter comes before the Court on the Report and Recommendation ("R&R") prepared by the Honorable David J. Novak, United States Magistrate Judge, (ECF No. 26), addressing the parties' cross-motions for summary judgment, (Pl.'s Mot. Summ. J., ECF No. 15; Def.'s Mot. Summ. J., ECF No. 22). The Magistrate Judge recommends that this Court deny Bennett's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and uphold the final decision of the Commissioner. Bennett objects to the R&R ("Objection"). (Pl.'s Obj. R&R, ECF No. 27.) The Commissioner responded in opposition to Bennett's Objection. (Def.'s Resp., ECF No. 28.) The Court exercises jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).[1]

---

[1] Section 405(g) provides in relevant part, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he [or she] was a party . . .

For the reasons articulated below, the Court will overrule Bennett's Objection and adopt the R&R. Accordingly, the Court will deny Bennett's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and affirm the Commissioner's decision.

Relevant to the Objection, Bennett has twice applied for Supplemental Security Income. (Pl.'s Mem. Supp. Mot. Summ. J. 2, ECF No. 15–1.) Regarding her first application, Administrative Law Judge ("ALJ") Donna Dawson determined in 2012 that Bennett's Residual Functional Capacity ("RFC") allowed her to perform only sedentary work.[2] (Pl.'s Mem. Supp. Mot. Summ. J. 24–25.) Bennett filed her second application, forming the basis of this case, on October 11, 2013. (R. 10.) Regarding her second application, ALJ William Hauser determined in 2016 that Bennett's condition had improved and that her RFC allowed her to perform light work.[3] (Pl.'s Mem. Supp. Mot. Summ. J. 1, 25.)

In the Objection, Bennett asserts that ALJ Hauser and the Magistrate Judge erred because they did not consider "the medical evidence as summarized in the prior ALJ decision, which is substantially the same as the medical evidence in the current file." (Pl.'s Obj. 1, ECF No. 27.) Because "only the current medical records support" the determination that Bennett improved "such that she could perform light work," (*Id.* at 1), Bennett contends that ALJ Hauser made this

---

may obtain a review of such decision by a civil action . . . in [a] district court." 42 U.S.C. § 405(g). Section 1383(c)(3) confirms that "[t]he final determination of the Commissioner after . . . a hearing . . . shall be subject to judicial review as provided in section 405(g)." 42 U.S.C. § 1383(c)(3).

[2] "To determine the physical exertion requirements of work in the national economy, [Social Security regulations] classify jobs as sedentary, light, medium, heavy, and very heavy." 20 C.F.R. § 404.1567.

[3] Numerous Social Security regulations and Social Security rulings changed effective March 27, 2017. These changes, however, expressly state that they are applicable to claims filed *on or after* March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1513, 404.1527. Bennett filed her application before that date.

2

determination in error, (*Id.* at 2). Bennett avers that "there is no change between Plaintiff's condition during the prior application and her condition in this application," (*Id.* at 2), and the ALJ erred in making his RFC assessment without considering "the evidence relied upon to support the prior decision," (*Id.* at 3).

The Supreme Court long has held that a ruling by an administrative agency serving in a judicial capacity to resolve factual disputes may establish res judicata, meaning that parties may not relitigate the same claim. *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 421–22 (1966). When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances. *Lively v. Sec'y of Health & Human Servs.*, 820 F.2d 1391, 1392 (4th Cir. 1987) (in subsequent proceeding, Commissioner had the burden to demonstrate whether claimant's condition had improved); *see also Leviner v. Richardson*, 443 F.2d 1338, 1343 (4th Cir. 1971) ("Administrative res judicata may apply, but it may equally well not apply if the new evidence proffered might result in a different determination.")

The United States Court of Appeals for the Fourth Circuit has similarly instructed that later-filed applications are viewed as separate claims "at least to the extent that the most recent application alleges a previously unadjudicated period of disability." *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 476 (4th Cir. 1999). While the Court recognizes that "[f]resh review is not blind review," *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 934 (6th Cir. 2018), the passage of time plays a role in the weight given to prior applications and their corresponding RFC determinations, *Lively*, 820 F.2d at 1392 (observing that the claimant filed his second application just two weeks after the ALJ denied his first application and that it was "utterly inconceivable" that his condition had significantly improved in such a short timeframe). Courts

3

should find a prior RFC determination "highly probative" of a continuing condition, but such a determination becomes less probative after an extended period of time. *Albright*, 174 F.3d at 477; *see also* SOC. SEC. ADMIN. ACQUIESCENCE RULING 00-1(4), https://www.ssa.gov/OP_Home/rulings/ar/04/AR2000-01-ar-04.html (2000) ("When adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances.").

Here, ALJ Hauser concluded that res judicata applied to ALJ Dawson's RFC assessment—the prior determination that Bennett could perform only sedentary work— and recognized that decision as final and binding through November 26, 2012. (R. 10.) ALJ Hauser then reviewed Bennett's second application as a separate claim for the unadjudicated period between the end of 2012 and August 2016. Hauser ultimately determined that the new evidence showed Bennett's condition had improved, meaning that Bennett could perform light work. (R. 10, 12–18.) Of course, Bennett's condition may either deteriorate or improve over time, and the ALJ appropriately discussed the substantial evidence that showed her changed condition. Similarly, as Bennett reaches advanced age, adjudicators must consider different regulations and factors when assessing her claims. *See, e.g.*, 20 C.F.R. § 416.963(e) (recognizing that "at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work"). ALJ Hauser thus afforded "limited weight" to the prior RFC assessment after considering the passage of time and additional evidence in the record.[4] (R. 13.) Because ALJ

---

[4] As the United States Court of Appeals for the Sixth Circuit has aptly recognized when discussing collateral estoppel, which bars successive litigation of an issue of fact or law actually litigated and resolved,

4

Hauser considered anew Bennett's later-filed application, which addressed an unadjudicated period of disability, the Magistrate Judge correctly concluded that ALJ Hauser did not err when he found that substantial evidence supported the RFC assessment. (R&R 30.)

Following a *de novo* review of the R&R and the Objection, and finding no error, the Court will ADOPT the findings and recommendations set forth in the R&R. Accordingly, the Court:

(1) OVERRULES Bennett's Objection to the Report and Recommendation, (ECF No. 27);

(2) ADOPTS the Report and Recommendation of the Magistrate Judge, (ECF No. 26);

(3) DENIES Bennett's Motion for Summary Judgment, (ECF No. 15);

(4) GRANTS the Commissioner's Motion for Summary Judgment, (ECF No. 22); and

(5) AFFIRMS the Commissioner's decision denying benefits to Bennett.

The parties are advised that they may appeal from this Memorandum Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 701 East Broad Street, Richmond, Virginia 23219. The Clerk must receive said written notice within sixty (60) days from the date of this Final Order.

---

> human health is rarely static. Sure as we're born, we age. Sometimes we become sick and sometimes we become better as time passes. Any earlier proceeding that found or rejected the onset of a disability could rarely, if ever, have actually litigated and resolved whether a person was disabled at some later date.

*Earley,* 893 F.3d at 933 (internal quotations marks omitted).

Let the Clerk send a copy of this Memorandum Order to all counsel of record.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: March 27, 2019
Richmond, Virginia